IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL CARROLL, #365628      *
                Plaintiff
     v.      *   CIVIL ACTION NO. RWT-11-842

CIRCUIT COURT FOR BALTIMORE      *
  CITY, et al.
                Defendants.   *
                         ***

## MEMORANDUM OPINION

Plaintiff is confined at the Maryland Correctional Training Center in Hagerstown, Maryland. On March 31, 2011, the Court received for filing Plaintiff's 42 U.S.C. § 1983 civil rights action seeking "something for the lost of my home and everything in it due to his matter. $60,000 in cash only!" ECF No. 1 at 4.

Plaintiff's statement of claim is not a model of clarity. Rather than setting forth the facts of his case, he provides a series of string citations to federal cases. Plaintiff does make reference to "prosecutorial misconduct" and the "rights of offenders" in the body of his statement. *Id.* Plaintiff also names the Circuit Court for Baltimore City as a Defendant and references a criminal case in that court.

The Maryland judiciary case search website shows that on October 10, 2010, Plaintiff pled guilty in the Circuit Court for Baltimore City to attempted second-degree murder and was sentenced to a thirty-year term, with twenty-one years suspended and five years probation. See State v. Carroll, Case No. 110266038, at http://casesearch.courts.state.md.us/inquiry. Plaintiff remains confined on this conviction.

To the extent that Plaintiff takes issue with his 2010 prosecution and guilty plea and seeks damages for his incarceration, his claims are inextricably interwoven with the constitutionality of his

criminal conviction. Consequently, this § 1983 complaint for damages shall be summarily dismissed without prejudice. See Heck v. Humphrey, 512 U.S. 477 (1994).

Under Heck, a § 1983 claimant cannot recover damages for an allegedly unconstitutional conviction or imprisonment, or for another harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless he first proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] See Heck, 512 U.S. at 486-87.

Here, plaintiff's asserted damages claims directly relate to the constitutionality of his state conviction and success in this civil rights action might vitiate the legality of that conviction. Thus, his civil rights claim for damages may not proceed at this time under Heck.

For the aforementioned reasons, this action shall be dismissed without prejudice. A separate order follows.


Date: April 13, 2011                             /s/
                                         ROGER W. TITUS
                                         UNITED STATES DISTRICT JUDGE

---

[1] Section 1983 relief does, however, remain available where success in the civil rights suit would not necessarily invalidate the legality of state confinement that has not previously been invalidated. See Wilkinson v. Dotson, 544 U.S. 74, 80-81 (2005) (Heck inapplicable to 42 U.S.C. § 1983 challenges to state parole procedures, as success does not mean immediate release and does not lay at "the core of habeas corpus."); Young v. Nickols, 413 F.3d 416, 418-19 (4th Cir. 2005) (Heck did not require dismissal of complaint because prisoner's 42 U.S.C. § 1983 damage claim for illegal extradition did not imply that his criminal judgment was invalid).